# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | |
|---|---|
| BRIAN MCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-584-PPS-MGG |
| | ) |
| DEAN BALDWIN PAINTING LP and | ) |
| MORROW CONSTRUCTION, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Brian McLain brought this action in Indiana state court against Dean Baldwin Painting LP. [DE 5.] The gist of this case is that McLain claims that while he was in the scope of his employment with Morrow Construction and was an invitee on Dean Baldwin Painting's premises, he fell down a ladder getting down from a catwalk resulting in injuries to McLain. Dean Baldwin Painting LP removed the case to federal court on the basis that the named parties were completely diverse and the amount in controversy exceeded $75,000. [DE 1.] Brian McLain subsequently amended his complaint as a matter of course in compliance with the deadline set by Magistrate Judge Michael Gotsch to add his alleged employer, Morrow Construction, a citizen of Indiana. [DE 21.] The problem, of course, is that both Brian McLain and Morrow Construction are citizens of Indiana and so Morrow Construction's inclusion in this case appears to have destroyed subject matter jurisdiction. Thus, Brian McLain moved to remand the case back to state court. [DE 22.] Neither defendant responded to the motion.

Federal district courts have original subject matter jurisdiction over civil actions between citizens of different states , so long as the amount in controversy exceeds $75,000. 28 U.S.C. §1332. Defendants may remove state court actions to federal court if the action could have been brought originally in federal court. 28 U.S.C. §1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). When a party seeks joinder of a nondiverse party after a case has been removed, 28 U.S.C. §1447(e) requires that the court either deny the joinder or permit the joinder but remand the action to state court. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "These are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction." *Id.* (emphasis in original).

The Seventh Circuit has found the following factors relevant to determining whether post-removal joinder of a non-diverse party is appropriate: (1) the plaintiff's motive for seeking joinder—whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations. *Id.* at 758.

To be clear, Morrow Construction already has been joined as a defendant to this lawsuit because McLain amended his complaint as a matter of course and was not required to move for leave to join Morrow Construction. Furthermore, neither defendant has filed anything contesting the joinder. But even if the issue of Morrow Construction's joinder was before me, I believe Morrow Construction was properly joined. McLain alleges that it was in the course and scope of his employment with

2

Morrow Construction that he was injured as a result of the negligence of both defendants. While McLain could have included Morrow Construction in his first filed complaint, I do not believe that his purpose for joining it now is to defeat federal jurisdiction, because if one believes the allegations of the amended complaint, Morrow Construction had a duty to McLain as his employer and neither defendant has filed anything arguing otherwise. For those reasons, the joinder of Morrow Construction, LLC destroyed subject matter jurisdiction and this case must be remanded to state court.

ACCORDINGLY:

Brian McLain's Motion to Remand, DE 22, is **GRANTED** and this case is **REMANDED** to the Miami County Superior Court.

**SO ORDERED**.

ENTERED: December 21, 2017.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT